May it please the court. My name is Richard Mazur. I represent Mr. Montalvo. I would like to reserve four minutes for rebuttal. Your Honor, this case presents the issue of a man who was sentenced to mandatory life imprisonment without possibility of parole for an offense for which he was not convicted by the jury. And that is he was the record is absolutely clear that he was convicted based upon jury instructions requested by the government for an 848C. And that is the general continuing criminal enterprise statute. He was sentenced ultimately from which this appeal arises from under 848B, which is a separate statutory offense and which requires additional factual elements. So, counsel, you say that he was convicted under C, which is just a definition. Well, Your Honor. You can't violate a definition. The definition has to relate to something else. If I understand the question, if one the judgment itself doesn't say 848B or 848C. When one looks at Does it say 848A? It says 848. It just says 848? Yes. Okay. When it, when it, when one looks at the oral pronouncement of judgment, it is clear that he is being sentenced under 848B because the judge pronounces the fact and makes a decision on the factual elements that are not part and parcel of the, what I call the general 848 statute, which is that a person commits a felony violation which is part of a series of three or more transactions from which, and he commits those transactions in conjunction with five or more persons. Is it your contention then that 848A is the, is, and B are two separate crimes? They are. They are separate crimes, Your Honor. Whereas, at least the Third Circuit seems to have thought that the, that 848A and at least 848B is a sentencing enhancement, very different from defining a separate crime. That's correct, Your Honor. The Third Circuit has, has opined on that. The Second Circuit is quite clear that it is a separate offense. And there are two cases, Charvis and Gibbons, that we cited to the Court that make it clear that that's a separate offense. And I think that if Court, if the Court looks at the logic of 848 and looks at the case law that supports our argument that it's a separate offense, it's pretty clear. If that's true, counsel, as I look in 848A, it not only tells you that you can be sentenced from 20 years to life, up to life, but it also authorizes certain fines and forfeitures. None of those are repeated in B. If you're correct, if the Second Circuit is correct, then the district court, if you are convicted of A, the lesser offense, may impose fines and forfeitures. If you're convicted of a greater offense, you're out of luck on the, at least the government's out of luck on fines and forfeitures. It can't impose those. Is that correct? That, Your Honor, I don't know the answer to that, to be quite frank. You get mandatory life. You do get a higher sentence under B. But you're also eligible for life under A. It's just not mandatory. But that means then that Congress would have designed a statute in which if you're convicted of A, you get a lesser penalty. Well, you get a mandatory life sentence. You get mandatory, but you're eligible for life under A as well, plus fines and forfeitures. And you, if you get ---- It's not a mandatory sentence under A, Your Honor. It's, at the time of Mr. Montalvo's trial, it was 10 years to life. Later, it was increased to 20 years to life. But in order to find under B, there's a question of drug quantities, and there's a question of a certain amount of money. Now, in Mr. Montalvo's case, the question of drug quantities was never submitted to the jury. There was nothing, and there was no finding by the jury of the drug quantities, which would be absolutely necessary to trigger the mandatory life sentence that the resentencing judge gave him. And so without ---- in a regular mandatory minimum case, the law is clear. They have to allege the quantities. It's got to be submitted to the jury. The jury's got to find it beyond a reasonable doubt. And if that's true for a 5-year mandatory minimum or a 10-year mandatory minimum, it seems it has to be true for a mandatory life sentence. That's not something that a judge can decide by himself in this case, but something that a jury has to be submitted to the jury, and the jury make a decision based upon that. It never happened in Mr. Montalvo's case.  Waxman.      Roberts. Waxman. Roberts. Waxman. Waxman. Waxman. Roberts. Would you entertain a question, please? I'm sorry. I apologize, Your Honor. I'd like to have you tell us this distinction that appears to be in the cases like the Constitutional on the face, the process itself can't be the target. What you're talking about is the process of how they get there rather than the face. Doesn't Fowler and Johnson indicate that we can't accept your argument? I don't read those cases that way, Your Honor. The way I read those cases is that the face of the judgment, where there is an ambiguity between what is written in the written judgment and what was the oral pronouncement of the judgment, it is the oral pronouncement that controls. And I think the law is pretty clear upon that. And so if one looks so that if one looks at the indictment, the jury instructions, the oral pronouncement of sentence and the judgment, that's the face of the judgment. And I think that that those facts establish that he is convicted or, excuse me, he was sentenced under 848B, and the jury convicted him of the more general continuing criminal enterprise, which only has a lower mandatory minimum sentence, and it's not a mandatory life. So I think that is the argument where the illegality appears on the face of the judgment. When you say face of the judgment, that's a term of art. And it's usually that piece of paper that says the judgment of the court is. What you're saying is that there's something in addition to that, like the indictment and other things that is included in the judgment. What case do you rely upon that defines judgment the way you define it? If I could have a moment, Your Honor. The cases that we rely upon are cited at page 15 of our reply board. Which includes, I apologize, I don't have the reply brief with me, which includes a citation to Moore and a circuit case which articulates the principle that if there is an ambiguity between the oral pronouncement and the written judgment, the oral pronouncement of what the judge said at sentencing controls. And that, to me That's the Tenth Circuit case, I guess, that you're talking about. I believe that's right, Your Honor. Okay. But that indicates just what the judgment is. You're saying the judgment, in addition to that, means the indictment. Well, Judge, I believe it doesn't mean the indictment. My argument is not based upon the necessity of that, because the what is my argument is based upon is the failure to submit to the jury the essential elements of quantity and or amount of money that's necessary to trigger the sentencing that to life imprisonment without the possibility of parole. Counsel, given your theory that A and B are two separate provisions, is the indictment flawed for failing to specify A or B? I think, Your Honor, this is an appeal from a 2255. I think there are many If I had this case a long time ago, which I haven't had for a long time, I might have structured the way the arguments were raised in the district court and in the court of appeals on the initial appeal. So your answer is yes, but you're not raising them now because it's too late. I think what we have, Judge, is this is a Rule 35 appeal. And a Rule 35 appeal is part of the direct case. So the illegal excuse me, the illegal sentence can be raised. I think some of those other arguments probably were more properly before the court at an earlier stage in the litigation. You have about a little less than five minutes left, Your Honor, to reserve. I'll reserve the rest of it, Your Honor. Thank you very much. The government? Good morning, Your Honors. May it please the Court, Phil Ferrari for the United States. Much of the discussion during Mr. Mazur's portion of the argument concerned whether or not 848A and B are separate offenses and whether or not what's set forth in 848B needs to be proven to the jury or can be found by the judge. An important point to start out with is that the district court in this case, in this decision on appeal, never reached any of that. Rather, the issue before this Court is whether or not there is jurisdiction to consider this Rule 35 motion. Therefore, the issue before this Court is whether or not what Mr. Montalvo is challenging is actually an illegal sentence or rather a sentence imposed in an illegal manner under former Rule 35. And Mr. Montalvo is necessarily arguing that his sentence was imposed in an illegal manner. He cannot take a position contrary to that. I understand that. But to Humerus, would you mind responding to his substantive arguments on the issue? Absolutely. I mean, we're not losing track of your central argument on Rule 35, but if you don't mind addressing his issue specifically. Yes, Your Honor. There are two cases, well, there are three cases that the government is aware of and that have been briefed on the issue of whether or not 848B sets forth elements of the offense as opposed to sentencing factors. Now, when looking as to whether or not something is an element of a crime or a sentencing factor, the Supreme Court in Castillo counsels that you need to look at congressional intent. And in doing that, you have to examine the language of the statute, you have to look at the structure of the statute, the subject matter of what they are talking about, and then, if need be, the legislative history. As set forth in our briefs, the Tidwell opinion in the Third Circuit, the Hardin opinion out of the Seventh Circuit, both engaged in that analysis. The only circuit court opinion that comes to a contrary decision is Torres out of the Second Circuit, and there is no analysis along those lines whatsoever in that opinion. The Court simply comes to that conclusion. And it may be that it did so because in the Torres case, in fact, jury instructions were submitted that covered the 848B factors. It was sort of assumed from the beginning that that should be submitted to the jury. And, in fact, they found a flaw in those jury instructions. So if we take the worst-case scenario for the government that we would adopt the Second Circuit theory and ignore or find that it's not distinguishable, do you think that rises the level of a Rule 35 qualification? In other words, that even accepting all of the arguments as true and we adopt the Second Circuit, do you think he's got a Rule 35, has a vehicle by Rule 35? No, Your Honor. And the reason for that is because for this motion to be viable, he has to establish that his sentence is an illegal sentence as defined by Hill. And that is a very narrow definition. The sentence itself either has to be in excess of the maximum allowable by the statute, it has to be one of multiple terms that is imposed for the same offense, or the terms of the sentence itself has to be unconstitutional. And that's not what happened here. Whether you proceed under 848A or 848B, the maximum sentence under 848 is life imprisonment. And, indeed, in this case, over the course of this case, Mr. Montalvo received that exact same sentence under both provisions. When he was originally sentenced, Judge Trebizion, the district court judge, proceeding under 848A, in his discretion, imposed a life sentence on Mr. Montalvo. Now, because of errors that this Court found in terms of his failure to address problems with the PSR, it was remanded. At that point, the government renewed its argument that the Court should proceed under 848B. He didn't originally because he thought there was ex post facto issues. He found on resentencing that those ex post facto issues were not present, and, indeed, this Court confirmed that ruling in Montalvo III. And, therefore, he proceeded on the second sentencing, the resentencing under 848B, and he gave him the exact same sentence, a life sentence. So under Hill, this is not an illegal sentence. He may be able to put forth an argument, which we don't believe is meritorious, that it was illegally imposed, but he cannot argue that the sentence itself is illegal under Rule 35. I think we have your argument at hand. No. Any further questions?  Okay. Thank you, Your Honors. The case of Blakely v. Washington defines what is meant by the statutory maximum that a court can sentence an individual to. And that statutory maximum is the maximum amount which the judge may impose solely upon the facts reflected in the jury verdict. Nowhere in the jury verdict was there anything about quantities of drugs or amounts of money. Let's suppose that the jury had in mind 848A. What's illegal about a judge sentencing him to a life sentence? That's authorized under 848A. Mandatory life sentence. And what's the difference between a life sentence and a mandatory life sentence? Discretion between 10 years to life and mandatory life with no opportunity for the defendant to live in litigation. Does the Bureau of Prisons treat a mandatory life sentence different from a life sentence? I believe a mandatory life sentence means just that. You don't get any eligibility for parole at any time whatsoever. If you sentence him to a life sentence, would he be eligible for parole? I believe so. In the federal system today? Don't take me to the bank on that, Your Honor. Not parole, but for release for time that he may have accumulated. Good time he may have accumulated. I don't know how you do that if you've got a life sentence. How do you get a life sentence less good time behavior? We don't count back from the day we expect you to die and then release you for a couple of weeks. I understand your argument. Well, I think the key here, though, is this is a Rule 35 case. None of the sentencing cases have been Rule 35 cases. So why do you think that if we accept what you say under Torres, we adopt all of the logic on the substantive count, why does this constitute an illegal sentence as Rule 35 contemplates it? Because, Your Honor, he is, although he is convicted of an offense for which the jury verdict, which exceeds the jury's verdict, and that makes it an illegal sentence. He is convicted of an 848B, which has the mandatory life, versus the, what I call the more general 848, which has a discretionary sentence. And we're not asking to upset the conviction on the 848. We're simply asking for a chance every sentencing. Any further questions?  The case here will be submitted.
judges: Wallace, Thomas, Bybee